Drew E. Pomerance, Esq. (SBN 10123)
dep@rpnalaw.com
Michael B. Adreani, Esq. (SBN 194991)
mba@rpnalaw.com
Marina N. Vitek, Esq. (SBN 183397)
mnv@rpnalaw.com
ROXBOROUGH, POMERANCE, NYE & ADREANI LLP
5820 Canoga Avenue, Suite 250
Woodland Hills, California 91367
Tel: (818) 992-9999; Fax: (818) 992-9991

*{Additional Counsel Continued On Next Page}*

Attorneys for Plaintiff,
VARDAN KARAPETYAN and the Classes

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VARDAN KARAPETYAN, an individual appearing individually and on behalf of others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> ABM INDUSTRIES INCORPORATED, a Delaware Corporation, ABM SECURITY SERVICES, INC., a California Corporation, and DOES 1-50, inclusive, <br><br> Defendants. | CIVIL ACTION NO.  2:15-cv-8313 <br><br> **CLASS ACTION COMPLAINT FOR:** <br> 1. **FAILURE TO PAY ALL WAGES;** <br> 2. **FAILURE TO PAY OVERTIME WAGES;** <br> 3. **FAILURE TO FAILURE TO PROVIDE MEAL BREAKS AND FAILURE TO PAY MEAL PERIOD WAGES DUE;** <br> 4. **FAILURE TO PROVIDE REST BREAKS AND FAILURE TO PAY REST BREAK WAGES DUE;** <br> 5. **FAILURE TO PAY WAGES TIMELY ON TERMINATION;** <br> 6. **FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS;** <br> 7. **VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200, et seq.; AND** <br> 8. **PENALTIES PURSUANT TO THE CALIFORNIA LABOR CODE PRIVATE ATTORNEY** |

1

**GENERAL ACT**

**JURY TRIAL DEMANDED**

*Additional Counsel:*

Allen B. Felahy, Esq. (SBN 190177)
afelahy@felahylaw.com
FELAHY TRIAL LAWYERS, APC
4000 Cover Street, Suite 100
Long Beach, California 90808
Tel: (562) 499-2121; Fax: (562) 499-2124

George Chakmakis, Esq. (SBN 162634)
george@chakmakislaw.com
Matthew P. Blair, Esq. (SBN 278411)
mblair@chakmakislaw.com
CHAKMAKIS & ASSOCIATES
301 N. Canon Drive, Suite 315
Beverly Hills, California 90210
Tel: (310) 550-1555; Fax: (310) 550-1151

2

**CLASS ACTION COMPLAINT**

Plaintiff VARDAN KARAPETYAN, on behalf of himself and others similarly situated, and on behalf of the general public, complain of Defendants, and each of them, as follows:

## JURISDICTION AND VENUE

1.      This Court has original jurisdiction to hear this class action matter pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2) ("CAFA") because Plaintiff is a citizen of a state different from at least one defendant, the amount in controversy exceeds $5,000,000 exclusive of interest and costs, and the proposed classes exceed 100 members.

2.      Venue is proper in this District because Plaintiff is a resident of the County of Los Angeles.  In addition, Defendants are authorized and conducting business in the State of California, County of Los Angeles.

## PRIOR PROCEEDINGS BETWEEN THE PARTIES

3.      This matter is brought as a class action pursuant to Rule 23(b) of the Federal Rules of Civil Procedure, on behalf of Plaintiff and the Class, which is defined more specifically below, but which is generally comprised of current and former security guards employed by Defendants, and any parent, subsidiary or affiliated companies (hereinafter collectively referred to as "ABM" or "Defendants").

4.      Plaintiff previously filed an action entitled *Vardan Karapetyan v. ABM Industries Incorporated* on October 6, 2014 in the Los Angeles County Superior Court for the State of California, bearing case number BC559671 (hereinafter "Prior Action").  Plaintiff's Prior Action alleged the same causes of action on behalf of the same classes against Defendant ABM Industries Incorporated.  Plaintiff thereafter designated Doe 1 as Defendant ABM Security Services, Inc.

5.      On December 4, 2014, Defendants ABM Industries Incorporated and ABM Security Services, Inc. removed the Prior Action to the United States District

Court for the Central District of California based upon 28 U.S.C. § 1332(d)(2). The Prior Action was assigned to the Honorable George W. Wu as case number CV 14-9354-GW (Ex).

6.     On April 28, 2015, the California Supreme Court granted the petition for review in *Augustus v. ABM Security Services,* No. S224853 ("*Augustus*").  On or about July 13, 2015, the Plaintiff and Defendants in the Prior Action agreed that the California Supreme Court's final decision in *Augustus* could affect the claims in the Prior Action and therefore stipulated to dismiss the action without prejudice pending the California Supreme Court's review of *Augustus*.  A true and correct copy of the Joint Stipulation to dismiss the Prior Action is attached hereto and incorporated herein as Exhibit A.

7.     The dismissal of the Prior Action was based on a separately executed Tolling Agreement between Plaintiff and Defendants in the Prior Action.  A true and correct copy of the Tolling Agreement is attached hereto and incorporated herein as Exhibit B.  The Tolling Agreement provided that it would apply to any putative class asserted or sought to be represented by Plaintiff regarding the claims alleged in the Prior Action (¶ 1) and would automatically terminate if either Defendant (ABM Industries Incorporated or ABM Security Services, Inc.) were sued in any putative class action or representative action for claims arising out of the facts alleged in the Prior Action or covering a putative class substantially similar to the putative class in the Prior Action (¶ 6). The Tolling Agreement further provided that within 30 days of notice of any such suit, Plaintiff may file a new action against Defendants asserting Plaintiff's claims in the United States District Court for the Central District of California and that Defendants would not oppose any efforts by Plaintiff to establish the tolling of any possible federal or state statute of limitations, laches, estoppel, or any other time-related defenses with respect to Plaintiff's claims from the effective date of the agreement through the date of filing of the new action and that the new action should be considered the first filed (¶ 6).

8. On July 21, 2015, Judge George H. Wu of the Central District entered an Order Granting Plaintiff's Motion to Dismiss Class Action Without Prejudice in the Prior Action according to the terms of the parties' stipulation and tolling agreement. Pursuant to the Order, the Court retained jurisdiction of the Prior Action. A true and correct copy of the Order is attached hereto as Exhibit C.

9. On September 24, 2015, counsel for Defendants notified Plaintiff that Defendant ABM Security Services, Inc. was served with the complaint in the matter entitled *Michael Macaraeg v. ABM Security Services, Inc., et al.*, Contra Costa County case number MSMSC15-00758 ("*Macaraeg* Action"). A true and correct copy of the First Amended Class Action Complaint filed in the *Macaraeg* Action is attached hereto and incorporated herein as Exhibit D.

10. Based upon the terms of the parties' Tolling Agreement, Plaintiff files the instant action alleging the same causes of action asserted in the Prior Action. Plaintiff will further file a Notice of Related Case identifying Plaintiff's Prior Action and a Notice of Pendency of Other Actions and Proceedings with regard to the *Macaraeg* Action.

## COMMON ALLEGATIONS

11. For at least four years prior to the filing of Plaintiff's Prior Action on October 6, 2014, and continuing to the present Defendants have had a consistent policy of failing to pay all wages due, including overtime at premium rates and failing to provide and pay wages due for meal breaks and rest breaks to all of their security guard employees.

12. Plaintiff, on behalf of himself and the Class, brings this action pursuant to, *inter alia*, California Labor Code §§ 201, 202, 203, 204, 226, 226.7, 510, 512, 558, 1194, California Labor Code §§ 2698, 2699, *et seq.*, and California Business and Professions Code §§ 17200, et seq., seeking compensation for all unpaid wages, for the failure to provide meal and rest breaks, for the failure to provide accurately

5

itemized wage statements, injunctive relief, equitable relief (including restitution and disgorgement of all benefits Defendants enjoyed form their failure to provide full compensation and from failing to timely pay all wages), reasonable attorneys' fees and costs, and other damages as may be deemed appropriate.

13.     Pursuant to California Labor Code §§ 203 and 2699, Plaintiff, on behalf of himself and the Class, seeks penalties for Defendants' failure to provide full compensation for all hours worked, failure to furnish accurately itemized wage statements, and the failure to timely pay wages when due and/or on discharge or resignation.

14.     Plaintiff has complied with the requirements of California Labor Code §§ 2699.3 of the California Labor Code Private Attorney General Act of 2004 ("PAGA") and therefore entitled to bring a claim for penalties under PAGA on behalf of himself and as a representative of other individuals who are similarly situated.  On September 8, 2014, a letter was sent by certified mail to Defendant and the California Labor and Workforce Development Agency ("LWDA") giving notice of Defendant's violations of the California Labor Code and Plaintiff's intent to bring a claim for civil penalties under California Labor Code § 2698, et seq.  More than thirty-three (33) days have passed since Plaintiff gave his notice to the LWDA thereby allowing Plaintiff to bring this civil action.

## THE PARTIES

15.     Plaintiff VARDAN KARAPETYAN ("KARAPETYAN") is a resident of Los Angeles County, California.  Plaintiff KARAPETYAN was employed by Defendants from approximately July 2011 to October 2013 as a security guard in and around Southern California.

16.     The members of the proposed Class are current and/or former employees of Defendants, employed by Defendants within the State of California as security guards. Like Plaintiff, the members of the proposed Class were not paid compensation

**CLASS ACTION COMPLAINT**

for all hours worked, were not paid at the proper hourly rates, were not provided meal or rest breaks, and were not paid their wages timely.

17.    Plaintiff is informed and believes and thereon alleges that Defendant ABM INDUSTRIES INCORPORATED is a corporation, organized and existing pursuant to the laws of the State of Delaware.  Defendant ABM INDUSTRIES INCORPORATED operates within the State of California and the wrongful conduct alleged herein occurred in the State of California and County of Los Angeles.

18.    Plaintiff is informed and believes and thereon alleges that Defendant ABM SECURITY SERVICES, INC. is a corporation, organized and existing pursuant to the laws of the State of California.  Defendant ABM SECURITY SERVICES, INC. operates within the State of California and the wrongful conduct alleged herein occurred in the State of California and County of Los Angeles.

19.    The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein in as DOES 1 through 50, inclusive, are currently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.  Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein including, without limitation, liability as a parent, subsidiary, or other affiliated company, or partner, joint venture, agent, officer, director, employer, employee or servant of any other Defendant.  Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

20.    Plaintiff is informed and believes and based thereon alleges that each Defendant named herein was the agent, servant, or employee of the other defendants, and was acting as the agents, servants, or employees of the other defendants in doing the acts herein alleged.  Plaintiff is further informed and believes and thereon alleges that each Defendant was acting within the course and scope of said agency, service, or employment at all relevant times herein for the benefit of themselves, each other, and

the other Defendants, and that each Defendant's actions as alleged herein was authorized and/or ratified by the other Defendants. Plaintiff is further informed and believes and based thereon alleges that each Defendant employed and/or exercised control over the wages, hours, and/or working conditions of Plaintiff and the Class, either directly or indirectly, or through an agent or other person.

## **FACTUAL BACKGROUND**

21.     During the four-year period preceding the filing of the Prior Action on October 6, 2014 and continuing to the present, Plaintiff and the Class members were employed by Defendants as security guards in the State of California.  The terms and conditions of employment between Plaintiff and the Class members on the one hand, and Defendants on the other hand, were and are governed by the California Labor Code, Title 8, California Code of Regulations, §§ 11000, *et seq*., and Industrial Welfare Commission Wage Order 4-2001. Pursuant to such statutes, regulations and Wage Order, Plaintiff and the Class members are classified as non-exempt employees and, based thereon, are entitled to overtime pay for hours worked in excess of eight (8) hours in any workday or more than 40 hours in any workweek.  Plaintiff is informed and believes and based thereon alleges that the Class Period for this action is the period commencing four years prior to the filing of Plaintiff's Prior Action on October 6, 2014 through and including the date judgment is entered herein.

22.     During the Class Period, Defendants have failed to pay Plaintiff and the Class members for all hours worked and, as a result, have required Plaintiff and the Class members to work for less than the legal minimum wage.

23.     During the Class Period, Defendants have routinely required Plaintiff and the Class members to work overtime and have failed and refused to pay Plaintiff and the Class members for such overtime hours. As a result, Plaintiff and the Class members have not been paid all wages due and owing to them.

**CLASS ACTION COMPLAINT**

24. During the Class Period, Defendants have routinely failed to provide Plaintiff and the Class with lawful meal and rest breaks. Based on Defendants' failure to provide lawful meal and rest breaks, Plaintiff and the Class members are entitled to an additional one (1) hour of pay at their regularly hourly rate for each missed meal and/or rest break.

25. Additionally, during the Class Period Defendants have failed to maintain accurate records of the hours worked by Plaintiff and the Class and failed to provide accurate and complete wage statements. The wage statements provided by Defendants to Plaintiff and the Class members failed to accurately reflect the number of regular hours and the number of overtime hours worked by Plaintiff and the Class as well as the amount of regular wages earned and overtime wages earned.

26. Defendants further failed to pay all wages due and owing to Plaintiff and the Class members on their discharge and/or resignation. Specifically, Class members who were discharged and/or resigned their employment with Defendants during the Class Period were not paid for all regular hours worked, overtime hours worked, and missed meal and rest breaks. As such, during the Class Period and continuing to the present, Defendants have had a consistent policy of failing to provide Class members all wages due to them on discharge and/or resignation.

27. The California labor law violations herein alleged were and are willful and deliberate, and were taken pursuant to, and resulted from Defendants' common policies, patterns and practices, which Defendants applied uniformly and consistently to Plaintiff and all Class members, and which have resulted in the unjust enrichment of Defendants at the expense of Plaintiff and the Class members.

## CLASS ACTION ALLEGATIONS

28. Plaintiff brings this action on behalf of himself and all others similarly situated as a class action, pursuant to Federal Rule of Civil Procedure, Rule 23. The classes which Plaintiff seeks to represent are composed of, and defined as follows:

9

Security Guard Class:

All persons who are or were employed by Defendants as security guards in California during the Class Period.

Terminated Security Guard Subclass:

All members of the Security Guard Class whose employment ended during the Class Period.

29. The members of the Classes are so numerous that the individual joinder of all members is impracticable. While the exact number and identification of class members are unknown to Plaintiff at this time, and can only be ascertained through appropriate discovery directed to Defendants, Plaintiff is informed and believes that the Classes include potentially hundreds of members.

30. Common questions of law and fact exist as to all members of the Classes which predominate over any questions affecting individual members of the Classes. These common legal and factual questions, which do not vary from Class Member to Class Member, and which may be determined without reference to the individual circumstances of any Class Member, include, without limitation, the following:

a. Whether Defendants failed to timely compensate members of the Classes with all wages pursuant to California Labor Code § 204;

b. Whether Defendants failed to pay overtime wages as required by the California Labor Code and IWC Wage Order 4-2001;

c. Whether Defendants failed to provide lawful meal breaks and pay appropriate wages for missed meal breaks;

d. Whether Defendants failed to provide lawful rest breaks and pay appropriate wages for missed meal breaks;

e. Whether Defendants violated California Labor Code §§ 201-203 by unlawfully failing to pay all wages due and owing at the time that Plaintiff or any Class Member was discharged or resigned their employment with Defendants;

**CLASS ACTION COMPLAINT**

f.     Whether the wage statements provided to Plaintiff and the Class members by Defendants were complete and accurate;

g.     Whether Defendants are liable for penalties pursuant to California Labor Code § 2698, *et seq*.;

h.     Whether Defendants violated California Business & Professions Code § 17200, *et seq*., by failing, *inter alia*, to pay overtime wages as required by the California Labor Code and IWC Wage Order 4-2001; and

i.     Whether Plaintiff and the Class members are entitled to equitable relief pursuant to California Business & Professions Code § 17200, *et seq*.

31.     The claims of the named Plaintiff are typical of the claims of the respective Classes which he seeks to represent. Plaintiff and all members of the proposed Classes sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of laws, regulations and wage orders governing Defendants' employment of Plaintiff and the Class members.

32.     A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all proposed Class members is not practicable, and questions of law and fact common to the proposed Class predominate over any questions affecting only individual members of the proposed Class.  Each member of the proposed Classes has been damaged and is entitled to recovery by reason of Defendants' illegal policy and practice of, *inter alia,* failing to compensate Plaintiff and the Class members for overtime, failing to provide lawful meal and rest breaks, failing to provide complete and accurate wage statements, and failing to pay all wages due upon termination and/or resignation of employment.

33.     Class action treatment will allow these similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.  Plaintiff is unaware of any difficulties that are likely to be

encountered in the management of this action that would preclude its maintenance as a class action.

### FIRST CAUSE OF ACTION
### FOR FAILURE TO PAY ALL WAGES
**(By Plaintiff and All Classes Against All Defendants)**

34.     Plaintiff realleges and incorporates herein by reference each of the allegations set forth in the preceding paragraphs as though fully set forth herein.

35.     California Labor Code § 204 requires Defendants to pay Plaintiff and the Class members all wages due and owing no less than twice during each calendar month, on days designated in advance by Defendants as regular paydays.

36.     Plaintiff is informed and believes and based thereon alleges that Defendants had a policy and practice of failing to pay Plaintiff and the Class members all wages due and owing on the regular paydays and/or at any time thereafter. Based thereon, Defendants failed to pay Plaintiff and the Class members in accordance with California Labor Code § 204.

37.     As a proximate result of Defendants' violation of California Labor Code § 204, Plaintiff and the Class members have been damaged in an amount to be proven at the time of trial. Plaintiff seeks recovery of all earned but unpaid wages.

38.     Pursuant to California Labor Code §§ 218.5 and 218.6, Plaintiff, on behalf of himself and the Class members, is entitled to recovery of attorneys' fees and costs.

### SECOND CAUSE OF ACTION
### FOR FAILURE TO PAY OVERTIME WAGES
**(By Plaintiff and All Classes Against All Defendants)**

39.     Plaintiff realleges and incorporates herein by reference each of the allegations set forth in the preceding paragraphs as though fully set forth herein.

40.     California Labor Code § 510, subdivision (a) provides, in pertinent part: "Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate."

41.     During the Class Period, Defendants required Plaintiff and the Class members to work more than eight (8) hours in one workday, more than forty (40) hours in any one workweek, and/or seven days in any one workweek.

42.     During the Class Period, Defendants have had a consistent policy and practice of failing to pay Plaintiff and the Class members in accordance with California state wage and hour laws by failing to pay all earned wages, including overtime wages, for all hours worked. Additionally, and as a result thereof, Defendants' policies and practices required employees to work for less than the minimum wage.

43.     As a result of Defendants' failure to pay all wages due and owing, Plaintiff and the Class members have been deprived of wages and/or overtime compensation in amounts to be determined at trial. Pursuant to California Labor Code § 1194, Plaintiff and the Class members and are entitled to the unpaid balance of the full amount of the minimum wage and/or overtime compensation, including interest thereon, reasonable attorneys' fees and costs of suit.

///

///

///

**CLASS ACTION COMPLAINT**

**THIRD CAUSE OF ACTION**

**FOR FAILURE TO PROVIDE LAWFUL MEAL PERIODS AND**

**FAILURE TO PAY MEAL PERIOD WAGES DUE**

**(By Plaintiff and All Classes Against All Defendants)**

44.     Plaintiff realleges and incorporates herein by this reference each of the allegations set forth in the above paragraphs as though fully set forth herein.

45.     During the Class period, California Labor Code Sections 226.7 and 512 and the applicable IWC order applied to Defendants' employment of Plaintiff and the Class members. At all times relevant hereto, California Labor Code Section 226.7 provided that no employer such as Defendants could require employees such as the Plaintiff and Class members to work during any meal period mandated by an applicable order of the IWC.

46.     At all times relevant hereto, California Labor Code Section 512 provided that an employer such as Defendants could not require or permit an employee such as the Plaintiff and Class members to work a period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is no more than six (6) hours, the meal period may be waived by mutual consent of both the employer and employee. Further, at all times relevant hereto, California Labor Code Section 512 provided that an employer such as Defendants could not require or permit an employee such the Plaintiff and Class members to work a period of more than ten (10) hours per day without providing the employee with a second uninterrupted meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period is not waived. At all times relevant hereto, the applicable IWC order imposed the same meal period requirements on an employer such as Defendants.

14

**CLASS ACTION COMPLAINT**

47.     During the Class period, Plaintiff and the Class were required by Defendants to work more than five (5) hours per day without a meal period break. Further, during the class period, Plaintiff and the Class were required by Defendants to work more than ten (10) hours per day without receiving a second meal period. Among other things, Defendants routinely did not provide thirty-minute uninterrupted meal breaks.

48.     During the Class period, Defendants failed to compensate Plaintiff and the Class members for work performed during meal periods that were not provided and thereby violated California Labor Code Sections 226.7 and 512 and the applicable IWC order. Accordingly, pursuant to California Labor Code Section 226.7, Plaintiff and the Class are entitled to recover from Defendants one additional hour of pay at the Class members' regular rate of compensation for each workday that a meal period was not provided.

49.     As a result of Defendants' failure to provide lawful meal periods and pay meal period wages due and owing, Plaintiff and the Class members have been deprived of wages in amounts to be determined at trial. Pursuant to California Labor Code § 1194, Plaintiff and the Class members and are entitled to the unpaid balance of the full amount of the minimum wage and/or overtime compensation, including interest thereon, reasonable attorneys' fees and costs of suit.

## FOURTH CAUSE OF ACTION
## FOR FAILURE TO PROVIDE LAWFUL REST BREAKS AND FAILURE TO PAY REST BREAK WAGES DUE
### (By Plaintiff and All Classes Against All Defendants)

50.     Plaintiff realleges and incorporates herein by this reference each of the allegations set forth in the above paragraphs as though fully set forth herein.

51.     During the Class period, California Labor Code Sections 226.7 and the applicable IWC order applied to Defendants' employment of Plaintiff and the Class

members. At all times relevant hereto, California Labor Code Section 226.7 provided that no employer such as Defendants could require employees such as the Plaintiff and Class members to work during any rest period mandated by an applicable order of the IWC.

52.     At all times relevant hereto, the applicable IWC order required an employer such as the Defendants to provide to an employee such as the Plaintiff and Class members a ten (10) minute rest period for every four (4) hours worked, unless the employee's daily work time is less than three and one-half (3½) hours, and to provide such rest periods in the middle of each work period insofar as is practicable.

53.     During the Class period, Defendants required Plaintiff and the Class members to work in excess of four (4) hours without providing a ten (10) minute rest period.

54.     During the Class period, Defendants failed to compensate Plaintiff and the Class members for work performed during rest periods that were provided and thereby violated California Labor Code § 226.7 and the applicable IWC order. Thus, pursuant to California Labor Code § 226.7, Plaintiff and the Class members are entitled to recover from Defendants one additional hour of pay at the Class members' regular rate of compensation for each work day that a rest period was not provided.

55.     As a result of Defendants' failure to provide lawful rest breaks and pay rest break wages due and owing, Plaintiff and the Class members have been deprived of wages in amounts to be determined at trial. Pursuant to California Labor Code § 1194, Plaintiff and the Class members and are entitled to the unpaid balance of the full amount of the minimum wage and/or overtime compensation, including interest thereon, reasonable attorneys' fees and costs of suit.

///

///

///

**FIFTH CAUSE OF ACTION**

**FOR FAILURE TO PAY WAGES TIMELY ON TERMINATION**

**(By Plaintiff and the Terminated Security Guard Subclass Against All Defendants)**

56.     Plaintiff realleges and incorporates herein by this reference each of the allegations set forth in the above paragraphs as though fully set forth herein.

57.     During the Class period, California Labor Code Sections 201 and 202 applied to Defendants' employment of Plaintiff and the Class members. At all times relevant hereto, California Labor Code § 201 requires that if an employer discharges a member of the Class, the wages earned and unpaid at the time of discharge are due and payable immediately.  Further, California Labor Code Section 202 provides that, if an employee such as a member of the Class voluntarily leaves his or her employment, the wages earned and unpaid must be paid by the employer within seventy-two (72) hours thereafter, unless the employee had given seventy-two (72) hours pervious notice of this or her intention to leave in which case the employee is entitled to receive his or her wages immediately at the time of quitting.

58.     Plaintiff is informed and believes and based thereon alleges that during the Class Period, Defendants willfully failed to pay Plaintiff and the Class members, who are former employees, their earned and unpaid wages, either at the time of their discharge or within seventy-two (72) hours of their quitting. Defendant therefore violated California Labor Code Sections 201 and 202.

59.     During the Class Period, California Labor Code § 203 provides that if an employer such as Defendants fails to pay any wages of an employee who is discharged, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action is therefore commenced, but the wages shall not continue for more than thirty (30) days. Accordingly, Plaintiff and the Class members who were discharged or who quit during the Class Period are entitled

**CLASS ACTION COMPLAINT**

to receive their wages for each day they were not paid, at their regular rate of pay, up to a maximum of thirty (30) days.

60.     As a result of Defendants' failure to provide lawful meal periods and pay meal period wages due and owing, Plaintiff and the Class members have been deprived of wages in amounts to be determined at trial. Pursuant to California Labor Code § 1194, Plaintiff and the Class members are entitled to the unpaid balance of the full amount of the minimum wage and/or overtime compensation, including interest thereon, reasonable attorneys' fees and costs of suit.

## SIXTH CAUSE OF ACTION
### FOR FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS
#### (By Plaintiff and All Classes Against All Defendants)

61.     Plaintiff realleges and incorporates herein by this reference each of the allegations set forth in the above paragraphs as though fully set forth herein.

62.     California Labor Code § 226(a) requires Defendants to furnish to each employee at the time of each payment of wages an accurate itemized statement showing (1) gross wages earned, (2) total hours worked by the employee . . . (3) the number of piece-rate units earned and any applicable piece rate if the employees is paid on a piece-rate basis . . . (4) all deductions, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and identifying number, (8) name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employees. Subdivision (a) of California Labor Code section 226 further requires the employer to keep a record or copy of the itemized wage statement on file for at least three years at the place of employment or at a central location within the State of California.

63.     IWC Wage Order 4-2001, Section 7(B) requires an employer at the time of each payment of wages to furnish to each employee an accurate itemized statement

showing (1) all deductions, (2) the inclusive dates of the period for which the employee is paid, (3) the name of the employee or the employee's social security number, and (4) the name of the employer.

64.     Pursuant to California Labor Code § 226(e), an employee suffering an injury as a result of a knowing and intentional failure by an employer to comply with California Labor Code § 226, subdivision (a) is entitled to recover the greater of actual damages or $50 for the initial pay period in which a violation occurs, and $100 per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of $4,000, and is also entitled to an award of costs and reasonable attorneys' fees.

65.     Plaintiff is informed and believes and based thereon alleges that Defendants have knowingly and intentionally failed to comply with California Labor Code § 226 and IWC Wage Order 4-2001, Section 7(B) by failing, *inter alia*, to provide accurate statements of the hours worked, hourly rates, and all wages due to Plaintiff and the Class members.

66.     Plaintiff and the Class members have suffered injury as a result of Defendants' failure to comply with California Labor Code § 226(a) and IWC Wage Order 4-2001, Section 7(B).

67.     Based thereon, Plaintiff and the Class members seek penalties pursuant to California Labor Code § 226(e), attorneys' fees, and costs.

## SEVENTH CAUSE OF ACTION
## FOR VIOLATION OF BUSINESS & PROFESSIONS CODE §§ 17200, et seq.
### (By Plaintiff and All Classes Against All Defendants)

68.     Plaintiff realleges and incorporates herein by this reference each of the allegations set forth in the above paragraphs as though fully set forth herein.

69.     Plaintiff brings this action on his own behalf, on behalf of the Class members, and on behalf of the general public, seeking equitable and statutory relief to

19

stop the misconduct of Defendants, as complained of herein, and to compel the payment of restitution by Defendants of all sums acquired as a result of the unfair, unlawful and fraudulent business practices described herein.

70.     Defendants' conduct as herein alleged has damaged Plaintiff and the Class members by denying them wages due and payable, failing to timely pay wages due and payable, and by failing to provide proper wage statements.

71.     The willful and knowing conduct of Defendants as alleged herein, constitutes unfair, unlawful and/or fraudulent business practices, as set forth in California Business & Professions Code §§ 17200-17208.  Specifically, Defendants conducted business activities while failing to comply with the legal mandates cited herein.

72.     Defendants' willful and knowing failure to adopt policies in accordance with and/or adhere to the California labor laws, all of which are binding upon and burdensome to Defendants' competitors, engenders an unfair competitive advantage for Defendants, thereby constituting an unfair, unlawful and/or fraudulent business practice, as set forth in California Business & Professions Code §§ 17200 – 17208.

73.     Defendants have clearly established a policy of accepting a certain amount of collateral damage, as represented by the damages to Plaintiff and the Class members herein alleged, as incidental to its business operations, rather than accept the alternative costs of full compliance with fair, lawful and honest business practices ordinarily borne by responsible competitors of Defendants and as set forth in legislation and the judicial record.

74.     As a direct and proximate cause of Defendants' unfair, unlawful and/or fraudulent business practices, as set forth herein, Plaintiff and the Class members are entitled to restitution of all sums Defendants have wrongfully acquired, in an amount to be proven at the time of trial.

75.     In addition, Plaintiff on behalf of himself, the Class members, and the general public seeks an injunction prohibiting Defendants from continuing their

willful and unlawful business practices, including, *inter alia*, failing to pay their security guard employees all wages and overtime wages timely.

## EIGHTH CAUSE OF ACTION

## FOR PENALTIES PURSUANT TO THE LABOR CODE

## PRIVATE ATTORNEY GENERAL ACT

### (By Plaintiff and All Classes Against All Defendants)

76.  Plaintiff realleges and incorporates herein by this reference each of the allegations set forth in the above paragraphs as though fully set forth herein.

77.  Based on the acts alleged above, and on behalf of himself, the Class members, and the Labor and Workforce Development Agency ("LWDA"), Plaintiff seeks penalties under California Labor Code §§ 2698 and 2699, *et seq.*, for Defendants' violation of California Labor Code §§ 201- 204, 226(a), 226.7, and (e), 510, 512, and 1194.

78.  For each such violation, Plaintiff and the Class members are entitled to penalties in an amount to be shown at the time of trial calculated as follows:

> a.  For $100 for the initial violation per employee per pay payment; and
>
> b.  For $200 for each subsequent violation per employee per pay period.

79.  In compliance with California Labor Code § 2698, Plaintiff KARAPETYAN sent a certified letter on September 8, 2014 to the Labor and Workforce Development Agency and Defendant setting forth the facts and theories supporting Plaintiff KARAPETYAN's allegation of the California Labor Code violations by Defendants.

80.  Plaintiff has incurred attorneys' fees and costs, which he is entitled to recover pursuant to California Labor Code Section 2699(g).

///

///

**CLASS ACTION COMPLAINT**

## RELIEF REQUESTED

WHEREFORE, Plaintiff, on behalf of themselves and the Class members, pray for judgment and the following specific relief against Defendants, and each of them, jointly and separately, as follows:

1.     For an Order certifying the proposed Security Guard Class and Terminated Security Guard Subclass, as well as any other appropriate subclass(es);

2.     For an Order appointing Plaintiff Vardan Karapetyan class representative on behalf of the Security Guard Class and the Terminated Security Guard Subclass;

3.     For an Order appointing Roxborough, Pomerance, Nye & Adreani, LLP, Felahy Trial Lawyers, APC, and Chakmakis & Associates as class counsel on behalf of all of the  Classes;

4.     That Defendants are found to have violated California Labor Code § 204 by failing to timely pay Plaintiff and the Class members all wages due and owing;

5.     That Defendants are found to have violated California Labor Code §§ 510 and 1194 by failing to timely pay Plaintiff and the Class members overtime wages due and owing;

6.     That Defendants are found to have violated California Labor Code § 226.7 and 512 by failing to provide lawful meal breaks and pay Plaintiff and the Class members wages due and owing for missed meal breaks;

7.     That Defendants are found to have violated California Labor Code § 226.7 by failing to provide lawful rest breaks and pay Plaintiff and the Class members rest break wages due and owing for missed rest breaks;

8.     That Defendants are found to have violated California Labor Code §§ 201 and 202 by willfully failing to timely pay wages due and owing on

**CLASS ACTION COMPLAINT**

discharge or resignation to the Terminated Security Guard Subclass Members;

9. That Defendants are found to have violated California Labor Code § 226 by failing to provide accurately itemized wage statements to Plaintiff and the Class members;

10. That Defendants are found to have violated California Business and Professions Code § 17200, *et seq.* by failing, *inter alia,* to pay Plaintiff and the Class members' regular and overtime wages owing;

11. Awarding Plaintiff and all Class members damages for the amount of unpaid regular and overtime wages owing;

12. Awarding Plaintiff and all Terminated Security Guard Subclass members waiting time penalties pursuant to California Labor Code § 203;

13. That Defendants be ordered to pay restitution to Plaintiff and the Class members due to Defendants' unlawful activities, pursuant to California Business & Professions Code § 17200, *et seq.*;

14. For an order enjoining Defendants from continuing their willful and unlawful business practices, including, *inter alia*, failing to pay their security guard employees all wages and overtime wages timely;

15. Awarding Plaintiff and the Class members attorneys' fees pursuant to California Labor Code § 218.5, California Labor Code § 226; California Labor Code § 1194, California Labor Code 2699(g), and/or California Code of Civil Procedure § 1021.5;

16. Awarding Plaintiff and the Class members interest pursuant to California Labor Code § 218.6 and California Labor Code § 1194;

17. Awarding Plaintiff and the Class members all costs of suit incurred herein;

18. For all other Orders, relief, findings, and determinations identified and requested in this Complaint; and

**CLASS ACTION COMPLAINT**

19.     For such other and further relief as the Court finds just and proper.

DATED:  October 23, 2015     **ROXBOROUGH, POMERANCE, NYE & ADREANI, LLP**


                            By:     */s/ Marina N. Vitek*
                                    MICHAEL B. ADREANI
                                    MARINA N. VITEK
                                    Attorneys for Plaintiff VARDAN
                                    KARAPETYAN and the Class


## DEMAND FOR JURY TRIAL

Plaintiff VARDAN KARAPETYAN hereby demands a jury trial in the above-referenced case.

DATED:  October 23, 2015     **ROXBOROUGH, POMERANCE, NYE & ADREANI, LLP**


                            By:     */s/ Marina N. Vitek*
                                    MICHAEL B. ADREANI
                                    MARINA N. VITEK
                                    Attorneys for Plaintiff VARDAN
                                    KARAPETYAN and the Class