JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VARDAN KARAPETYAN, an individual appearing individually and on behalf of others similarly situated,<br><br>              Plaintiff,<br>v.<br><br>ABM INDUSTRIES INCORPORATED, a Delaware Corporation, ABM SECURITY SERVICES, INC., a California Corporation, and DOES 1-50, inclusive,<br><br>              Defendants. | CASE NO.: CV 15-08313-GW(Ex)<br><br>Assigned to: Hon. George H. Wu, Courtroom 9D<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND JUDGMENT THEREON**<br><br>DATE:  September 7, 2017<br>TIME:  8:30 a.m.<br>CTRM:  9D<br><br>Action Filed: October 23, 2015<br>Trial Date: None |

# ORDER

The Court has considered Plaintiff's Motion for Final Approval of Class Action Settlement, including all supporting declarations and documents filed by Plaintiff and his counsel, and heard oral argument of the motion on September 7, 2017.  There have been no objections from the Class Members to the motion for final approval, or all objections have been overruled.  There has been no opposition filed to the motion.

## I.     INTRODUCTION

This action is brought on behalf of a class of security guards employed by Defendants. On behalf of the class, Plaintiff alleges that Defendants failed to pay all wages, failed to provide legally compliant meal and rest breaks, failed to pay all wages timely on termination, and failed to provide accurate wage statements.  In addition, Plaintiff alleges such violations constituted violation of *California Business and Professions Code* §§ 17200, *et seq*. ("UCL") and entitled Plaintiff and the Class to penalties pursuant to *California Labor Code* §§ 2698, *et seq*. ("PAGA").

On June 12, 2017, the Court granted preliminary approval of the proposed settlement reached by the parties in this action, certified a class for settlement purposes only, and approved the proposed notice procedure.  (Dkt. 77.)

Plaintiff now moves for final approval of the Class Action Settlement and Release agreement.

## II.    THE COURT CERTIFIES THE CLASS FOR PURPOSES OF THIS SETTLEMENT ONLY

Pursuant to Federal Rule of Civil Procedure 23(c), the Court certifies the following Settlement Class:

> All non-exempt hourly security guard employees employed by
> ABM Security Services, Inc. and/or ABM Onsite Services –

2

West, Inc. in California from October 6, 2010 through December 10, 2015.

Excluded from the Settlement Class are Defendants, and any of their subsidiaries, affiliates, officers, directors, agents, representatives, predecessors, successors, assigns, and family members, Class Counsel, the judge to whom the Action is assigned and any members of the judge's staff or member of the judge's immediate family, as well as all persons who have timely elected to opt-out from the Settlement Class.

In connection with certification, the Court makes the following findings that the action has satisfied the requirements of Federal Rule of Civil Procedure 23(a):

(a) The Settlement Class consists of 7,485 former employees of Defendants and, based thereon, is so numerous that joinder of all members is impracticable;

(b) There are questions of law and fact common to the Settlement Class members including, without limitation:

    (i) Whether Defendants had a policy or practice that failed to timely compensate members of the Class for all wages pursuant to *California Labor Code* § 204;

    (ii) Whether Defendants had a policy or practice that failed to pay overtime wages as required by the *California Labor Code* and IWC Wage Order 4-2001;

    (iii) Whether Defendants had a policy or practice that failed to provide lawful meal breaks and/or pay appropriate wages for missed meal breaks;

    (iv) Whether Defendants had a policy or practice that failed to provide lawful rest breaks and/or pay appropriate wages for missed rest

breaks;

    (v) Whether Defendants had a policy or practice that violated California Labor Code §§ 201-203 by unlawfully failing to pay all wages due and owing at the time Class Members were discharged or resigned their employment with Defendants;

    (vi) Whether the wage statements provided to Class Members by Defendants were complete and accurate.

  (c) Plaintiff and the Class Members were all employed by the ABM Defendants as security guards, the same claims are alleged on behalf of Plaintiff and all Class Members, the claims all arise from the same course of conduct by the ABM Defendants, and will rely on the same evidence and make the same legal arguments to provide Defendants' liability. Accordingly, Plaintiff's claims are typical of the claims being resolved through the settlement; and

  (d) There is no antagonism or conflict between Plaintiff and the Class Members. Plaintiff is and has fairly and adequately protected the interests of the Settlement Class Members in connection with the investigation, prosecution and settlement of this action.

  In connection with certification, the Court makes the following findings that the action has satisfied the requirements of Federal Rule of Civil Procedure 23(b)(3);

  (a) Common questions of law predominate over questions affecting only individual Settlement Members. The Class consists of security guards employed by Defendants during a specified time period and their claims and interests are identical. The policies and practices to which they were subjected are the same and Defendants' liability can be determined based on those company-wide policies and practices. Accordingly, the Settlement Class is sufficiently cohesive to warrant settlement representation; and

  (b) Certification of the Settlement Class is superior to other available

**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND JUDGMENT THEREON**

methods for the fair and efficient settlement of the claims of the Settlement Class members. The Class Members have been given an opportunity to request exclusion from the Class if they desired to individually control the prosecution of their individual claims; there are no competing actions alleging these claims on behalf of this class pending; and the action can be efficiently managed as a class based on the cohesiveness of the claims and common questions of fact and law.

The Court finds that Class Counsel has adequately represented the Settlement Class for purposes of entering into and implementing the Settlement Agreement.

### III.    NOTICE TO CLASS MEMBERS IS REASONABLE AND ADEQUATE

The Court finds that the Class Notice sent to Settlement Class Members: (i) constituted the best practicable notice, (ii) constituted notice that was reasonably calculated under the circumstances to apprise Settlement Class Members of the pendency of the Lawsuit, of their right to object to or exclude themselves from the proposed settlement, of their right to appear at the Final Approval Hearing, and of their right to monetary and other relief; (iii) constituted reasonable, due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) met all applicable requirements of due process and any other applicable law.

### III.    THE SETTLEMENT IS FAIR, REASONABLE AND ADEQUATE AS TO ALL PARTIES

The Settlement in this matter was reached after lengthy negotiations led by an experienced mediator. The Settlement provides an immediate, tangible and significant benefit to the class.

Given (1) the strength of the Plaintiff's case, (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status through trial; (4) the amount of the settlement reached; (5) the extent of discovery

completed and stage of the proceedings; (6) the experience and favorable views of counsel; and (7) the reaction (in this case, not a single objection) of the Class Members to the proposed Settlement, the Court finds that the Agreement is fair, reasonable, and adequate as to all Parties and in compliance with all requirements of due process and applicable law, as to and in the best interests of all Parties, and directs the Parties and their counsel to implement and consummate this Agreement in accordance with its terms and provisions.

Taking the foregoing factors into consideration, the Court finds that the Settlement Agreement is fundamentally fair, adequate, and reasonable. Accordingly,

**IT IS ORDERED:**

1. The Class Action Settlement and Release agreement is found to be fair, reasonable, and adequate, and GRANTED final approval;

2. The Class Action Settlement and Release agreement is directed to be consummated pursuant to its terms and provisions, unless stated otherwise in this Order;

3. The Settlement Class defined as "All non-exempt hourly security guard employees employed by ABM Security Services, Inc. and/or ABM Onsite Services – West, Inc. in California from October 6, 2010 through December 10, 2015" is certified for settlement purposes only;

4. Plaintiff Vardan Karapetyan is approved as the Class Representative;

5. The law firms of Roxborough, Pomerance, Nye & Adreani, LLP and Felahy Employment Lawyers are approved as Class Counsel;

6. Defendants ABM Industries Incorporated, ABM Security Services, Inc., ABM Onsite Services – West, Inc., and ABM Onsite Services, Inc., are jointly and severally liable for the payment of the Settlement Fund in the amount of $5,000,000.00;

7. The claims administrator, CPT Group, shall be paid the sum of $67,000 for the cost of administration of the settlement;

8. One hundred thousand dollars ($100,000.00) of the Settlement Fund shall be allocated for the settlement and full release of any and all claims for civil penalties under the *California Labor Code Private Attorney General Act* (*Labor Code* §§ 2698, et seq.) with 75% ($75,000.00) paid to the Labor and Workforce Development Agency and 25% ($25,000.00) distributed to the Participating Settlement Class Members; AND

9. Any funds from settlement checks to Class Members remaining uncashed after 120 days shall be distributed in equal amounts to the *cy pres* recipients: Legal Aid Foundation of Los Angeles, Legal Aid at Work, and the Women's Employment Rights Clinic.

DATED: September 7, 2017

*/s/ George H. Wu*
GEORGE H. WU, U.S. District Judge